illegal device on or within the waters themselves.  The law-making body has the same authority to prohibit the possession of these detrimental fishing appliances anywhere in the state as it has to prohibit the possession of concealed weapons, and we find that it here exercised that authority.  We do not regard a strict construction of this law as requiring any such interpretation as is contended for.

This being our opinion, and the undisputed testimony showing that this plaintiff in error was in fact in possession of the illegal device or devices in this county, we find that the court below properly overruled the motion of the plaintiff in error, at the close of the evidence, to dismiss the case.

The judgments are affirmed.

---

### GIFT TO A CHURCH BUILDING FUND NOT A GIFT TO CHARITY.

Common Pleas Court of Licking County.

IN THE MATTER OF THE ESTATE OF ANNIE E. WHITE, DECEASED.

Decided, January, 1922.

*Inheritance Tax—Bequest to a Church Subject Thereto—Unless to be Used for Public Charity Only—But as to a Bequest Based on a Contract Anti-dating Passage of this Law it is not Retroactive.*

1. In an appeal from an order fixing inheritance taxes, a motion to dismiss the appeal because of the insufficiency of the appeal bond of $50 will be overruled, where no objection was made in the court below or exception entered to the amount of the bond as there fixed.

2. A bequest to a church to be used for purposes of public charity only would not be subject to the inheritance tax, but a church building is not used for charitable purposes only and a bequest to the building fund for a new church edifice does not fall within the exemptions to the inheritance tax.

3. A bequest to a church based upon a contract entered into between the testatrix and the church officers prior to the enactment of the inheritance tax law is not subject to the tax therein imposed.

*J. R. Davies,* on behalf of the First Baptist Church of Newark.

*H. R. Smith,* on behalf of the Ohio Tax Commission.

*Ralph Norpell,* Prosecuting Attorney, on behalf of Licking County, Ohio.

MOORE, J.

This matter is before this court on an appeal from the order of the probate court of this county, overruling the exceptions of the First Baptist Church of Newark, Ohio, to the finding and determination of said probate court in the matter of the inheritance tax claimed to be due from said church.

A motion was made by the Tax Commission, before any testimony war offered in this couurt, to dismiss the appeal because it was claimed the statute relating to the perfecting of appeals in matters of this kind had not been complied with.

It appears that the probate court fixed the amount of the appeal bond at fifty dollars, which it is claimed is insufficient under the statute.

No objection was made, or exception taken to this order of the probate court in fixing the amount of the bond at the time it was made, and this court thinks this matter of the amount of the bond was thereby waived.

The facts in this case, as disclosed by the evidence, are as follows:

Sometime prior to July 2, 1917, the deceased, Annie E. White, jointly with her sister, made a pledge to the building committee of the First Baptist Church of Newark, Ohio, to pay said church the sum of $2,250, which was to be applied towards the building of a new church edifice. This pledge was given in consideration of like pledges by others.

On July 2, 1917, the said Annie E. White took up the original pledge with the consent of said building committee, and executed and delivered to said committee in place of the original pledge, the following paper:

"$5,000.                                    July 2, 1917.
"For the purpose of erecting a new church edifice and in consideration of promises for that purpose by others, I promise to pay at my death to the First Baptist Chuch of Newark, Ohio, $5,000.
    (Signed): "Annie E. White."

On the same date, July 2, 1917, deceased executed her last will and testament in which she refers to this obligation to the church, and further makes said church her residuary legatee.

On the death of Miss White, and the appointment of an administrator, this paper writing was duly presented to the administrator, and was allowed by him as a valid claim against the estate and paid.

The probate court found and determined that an inheritance tax was due upon this $5,000 from the church. Exceptions were filed by the church, and this matter is now before this court on appeal from the order of the probate court overruling these exceptions.

Three exceptions were filed. The first and third were overruled. These exceptions are as follows:

1. The $5,000 mentioned in the second item of the will consists of a valid legal obligation entered into by the said Annie E. White with said The First Baptist Church, for a valuable consideration, and is one of the debts of her estate apart from and irrespective of said will.

3. The said church further excepts to the finding and judgment of the probate court touching said tax, because the gifts to said church are to and for the use of an institution for the purpose only of public charity, carried on wholly within this state, and are not subject to said tax.

Considering first the more general exception of the two:

The inheritance tax law, Section 5334, of the General Code, provides that the succession to any property passing to or for the use of an institution for purposes only of public charity shall be exempt from payment of the inheritance tax.

The plain language of this statute must mean, as the court views it, that if property be given to an institution, and that institution is limited to the use of such property for purposes of public charity, such succession is exempt. The institution need not be one devoted to public charity only. The institution may have many activities. The only question is whether or not the purpose for which the property is given to the institution, and the purpose for which the institution may use the

property is a purpose or use only of public charity. This statute differs very materially from the similar exemption statute relating to general taxes. The wording of the two statutes is similar, but scarcely more than a superficial examination is necessary to disclose the difference. The general tax statute provides that all buildings belonging to institutions of purely public charity, together with the land actually occupied by such institutions, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining and belonging exclusively to such institutions, shall be exempt from general taxes.

In the inheritance tax statute, the determining element is the purpose for which the institution is to use the property. In the general tax statute it is whether or not the institution itself is one of purely public charity.

A reading of the entire section, 5334, makes this construction all the more apparent. In this connection consider the municipal corporation clauses which is conjunctive with the institution clause, "to or for the use of municipal corporation, or other political subdivision thereof, for exclusively public purposes, or to or for the use of an institution for purpose only of public charity."

Manifestly, the construction the courts have placed upon the similar general tax exemption statute can have but little application to the inheritance tax statute.

In the case of *Watterson* v. *Holiday*, 77 O. S., 150, Judge Price, on page 178, says expressly that a church is not an institution of purely public charity. This case is cited by counsel for the Tax Commission; but the question in this case is not whether the First Baptist Church of Newark, Ohio, is an institution of purely public charity, or a public charity only. The question is: Did this church take this property to be used for purposes only of public charity? In other words, every gift to a church, under the inheritance laws of this State is taxable, or not, depending upon the purpose for which the church is permitted under the gift or will to use the property.

In the case at bar, the $5,000 passed to the church for the purpose of building a new church edifice.

This court thinks that the majority of the members of our churches would resent the idea that the church buildings are to be used for the purpose of public charity only. Charity is one of the virtues taught therein, it is true, but it is only one of the many virtues and doctrines that are included in the religious and spiritual teachings of the church.

As to the third exception, the probate court is affirmed.

The first exception raises an entirely different question. Section 5332 of the General Code provides:

"A tax is hereby levied upon the succession to any property passing in trust or otherwise to or for the use of a person, institution or corporation in the following cases:

"3. When the succession is to property from a resident, or to property within this state from a non-resident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property."

And, under sub-division (b), "Intended to take effect in possession or enjoyment at or after such death."

It is claimed that the first exception should be overruled because of the provisions of this statute.

Prior to July 2, 1917, Annie E. White, the decendent, had executed a pledge, jointly with her sister, for the sum of $2,250. This pledge was taken up by the church when the note payable at death was executed. The first pledge was a legal obligation, collectable in a court of law by the church. The note, or contract, executed on July 2, 1917, had a consideration additional, by reason of this fact, to that recited on its face. At the death of the signer of the note, or contract, the church treated it as a vested obligation against the estate, presented it to the administrator, attached thereto the usual affidavit attached to claims presented to an administrator, who acknowledged the same and paid it. Such is the evidence in the case.

The inheritance tax law was passed June 5, 1919, nearly two years after the execution of this contract or note. The rights

of the parties thereto were vested July 2, 1917.   There is no intention apparent on the face of the law to make the same retroactive.   So it was not incumbent on this court to consider whether or not the Legislature had the power to make contract obligations already vested subject to the provisions of this law. There is no such apparent intention in the law.

This is in accordance with the decision of the Supreme Court of Iowa, in the case of *Lewis* v. *Brown*, reported in the 116 Northwestern Reports, page 99.

The probate court is reversed as to the first exception and sustained as to the third, and the church is relieved from the payment of the tax.